ROGERS, Appellant, v. WALSH, Respondent.

(156 N. W. 88.)

(File No. 3868.   Opinion filed February 1, 1916.)

1.  **Elections—Election of Municipal Judges—Plurality, or Majority, of Votes?—Statutes, Construction of.**

Under Laws 1907, Ch. 191, Sec. 7, declaring that in case of establishment of a municipal court the judge shall be elected at a special election, and that the result of such election shall be

declared in the manner in which annual municipal elections are declared "in such city," and Sec. 6, defining the word "city" wherein same is used in said act, as meaning the city in which the municipal court is established and organized, and Laws 1909, Ch. 172, Sec. 2, amendng said Sec. 7 so as to provide that the municipal judge shall be elected at the annual election "in said city," and that the result of such election shall be determined in the same manner in all respects as in an election of city officers, and Pol. Code, Sec. 1290, relating to general municipal elections, and providing that the person receiving the highest number of votes for any office shall be declared elected, and Laws 1907, Ch. 86, Sec. 110, as amended by Laws 1911, Ch. 97, Sec. 13, relating to municipal elections in commission governed cities, and requiring a majority of all votes cast for candidates for the office, to elect, and providing that in case no candidate shall receive such majority the two candidates receiving the highest number of votes shall ·be voted on at a secondary election to be held the following Tuesday, held, that, notwithstanding the omission in the amendment of 1909 of the words "in such city," and in view of the words "in such city," in the amendment of 1909, and of the provision in Sec. 6, Laws 1907, so defining the meaning of the word "city," said Sec. 110, as so amended in 1911, applies to the election· of municipal judges in commission governed cities; and therefore, the secondary municipal election was properly held where no candidate received a majority of all votes cast for such candidates at the first election thus provided for; and appellant's contention that, he having received the highest number of votes at the first election, he was duly elected municipal judge under said Sec. 1290, is not tenable.

**2.  Statutes—Constitutional Law—Election of Municipal Judges— Commission and Non-commission Cities, Different Rule as to Relative Vote Required.**

Under Const. Art. 5, as amended, declaring that in cities having a population of 5,000 or over the Legislature may provide for municipal courts, the judges whereof to be chosen in such manner as the Legislature shall prescribe, held, that Laws 1907, Ch. 86, Sec. 110, as amended by Laws 1911, Ch. 97, Sec. 13, requiring a majority vote to elect a municipal judge in commission governed cities, is not in violation of Const. Art. 10, Sec. 1, relating to general laws for organization and classification of municipal corporations, and providing that no such corporation shall have any powers or be subject to any restrictions other than those of all corporations of the same class.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Election contest by John A. Rogers, against John Walsh. From a judgment dismissing the contest, and from an order overruling contestant's motion for new trial, he appeals. Affirmed.

*Ogden & Ogden,* and *Hayes & Heffron,* for Appellant.

*Kellar & Stanley,* and *W. G. Rice,* for Respondent.

(1) To point one of the opinion, Appellant cited: Lathen v. Campbell, (Kas.) 51 Pac. 931; People v. Stone, (Mich.) 44 N. W. 334; Laws 1909, Ch. 176, Sec. 2; Laws 1907, Ch. 191, Sec. 7, 6; Laws 1907, Ch. 86, Sec. 106 to 110; Pol. Code, Secs. 1863, 1865, 1290; Laws 1911, Ch. 97, Sec. 110, 13; Laws 1913, Ch. 119, Secs. 96, 103 to 109, 111, 135; State v. McKenzie, (N. D.) 86 N. W. 234; State ex rel. Butler v. Callaghan, (N. D.) 61 N. W. 1027; State ex rel. Clark v. Smith, (Mo.) 16 S. W. 503.

Respondent cited: Laws 1909, Ch. 176, Sec. 2; Laws 1907, Ch. 86, Sec. 6.

(2) To point two of the opinion, Appellant cited: Const., Art. 10, Sec. 1; Laws 1907, Ch. 191, Sec. 7; Laws 1909, Ch. 176, Sec. 2; Pol. Code, Secs. 1290, 1256, 1257, 1258; Town of Vilas v. Circuit Court, 24 S. D. 298, 123 N. W. 841; Chapter 15, Revised Political Code, Secs. 1417-1502.

Respondent cited: Laws 1907, Ch. 191, Secs. 1, 6, 7; Laws 1907, Ch. 176, Sec. 2; Laws 1907, Ch. 86, Sec. 1; Laws 1915, Ch. 114; Laws 1913, Ch. 119, Sec. 109.

POLLEY, P. J. This is an election contest involving the right to the office of judge of the municipal court of the city of Lead. At the regular city election held in that city on the 20th day of April, 1915, the appellant, John H. Rogers, the respondent, John Walsh, and Herbert E. Dewey were candidates for that office. When the votes were canvassed, it was found that the candidates had received the following number of votes respectively: Appellant 683; respondent 556; and Mr. Dewey 429. Neither of the candidates having received a majority of all the votes cast, it was declared that no one had been elected, and a second election was called for the following Tuesday, April 27th. It may be remarked that Lead City is a commission governed city. At this second election appellant and respondent only were candidates, and received the following number of votes: Appellant 786; and respondent 979. The respondent was declared duly elected, and appellant, claiming that said election of April 27th had been held

without authority of law, and was therefore void and of no effect, instituted this contest under the provisions of section 1988 and succeeding sections of the Political Code to determine who was entitled to the office. In his "notice of contest" he set out at length and with great particularity the facts upon which he bases his contention. To this notice of contest, respondent interposed a demurrer, upon the grounds: First, that the court had no jurisdiction of the subject of the action; second, that there is a defect of parties defendant; and, third, that the notice of contest does not state facts sufficient to constitute a ground of contest or cause of action. The trial court sustained this demurrer, but with leave to appellant to amend his said notice of contest. Appellant declined to so amend, and judgment was entered dismissing the contest. From this judgment and from an order overruling appellant's motion for a new trial, he appeals.

[1] While appellant has presented and argued a number of legal propositions, there is really but one question involved: Where there are more than two candidates for the office of judge of municipal court in commission governed cities, is a mere plurality of votes sufficient to elect, or does it require a majority of all the votes cast? A solution of the question depends wholly upon the construction to be put upon the statutes relating to the election of candidates for this office.

The creation and manner of establishing municipal courts was provided for by chapter 191, Laws of 1907. The election of judges of municipal courts is provided for in section 7 of that act, as follows:

"*Election of Judge.*—In case the vote upon the establishment of said court shall be in the affirmative, the judge of the court shall be elected at a special city election to be held on the next succeeding Tuesday in June and every four years thereafter, for the term of four years, beginning on the first day of the month following the election and until his successor qualifies. Notice of such election shall be given and such election shall be held and the result thereof determined in the manner in which annual municipal election are noticed and held and the result thereof determined in such city. * * *"

By chapter 176, Laws of 1909, § 2, said section 7 was amended so as to read as follows:

*"Election of Judge.*—In case the vote upon the establishment of said court shall be in the affirmative the judge of the court shall be elected at the next annual election to be held in said city and every four years thereafter at the annual election in such city, for the term of four years, beginning on the first Monday of the month following his election and until his successor qualifies. Notice of such election shall be given in the same manner and for the same period of time as notice of election for city officers, and the result of such election shall be determined in the same manner in all respects as in the election of city officers.   *   *   *"

Section 1290, Pol. Code, relates to general municipal elections, and provides that the person receiving the highest number of votes for any office shall be declared elected.   Section 110, c. 86, Laws of 1907, as amended by section 13, c. 97, Laws of 1911, which relates to municipal elections in commission governed cities, provides as follows:

"If any person shall receive a majority of all the votes cast for candidates for the office for which he is a candidate he shall be declared elected.   In case no candidate shall receive such majority of the votes there shall be held upon the Tuesday following such election a secondary election, at which secondary election the only persons voted for shall be the two candidates receiving the highest number of votes at the first election.   Such secondary election shall be held at the same polling places as the first election and the same persons shall act as judges and clerks at such secondary election and vacancies may be filled in the same manner as is provided by law for the filling of such vacancies at the first election.   Within forty-eight hours after the closing of the polls at such secondary election the ballots shall be counted and returns made out and returned by the election judges, under seal, to the city auditor, and upon the Friday succeeding such secondary election the board of commissioners shall canvass such returns and declare the results of such secondary election and cause a statement thereof to be made on its journal.   The person receiving the highest number of votes at such secondary election shall be declared elected.   *   *   *"

It will be noted that the words "in such city," found in section 7, c. 191, Laws of 1907, as originally enacted, are omitted from that section as amended.   Under the law as originally enact-

ed it is not questioned that the words "in such city" had reference
to the city in which the election was being held; but it is con-
tended by appellant that, because of the omission of these words
from the amendment, it must be inferred that the election of muni-
cipal judge, whether in a commission governed city or not, was to
be held and determined under the provisions of the general law
relating to municipal elections, and that, as provided by section
1290, Pol. Code, he, having received the highest number of votes
cast at the election of April 20th, was duly elected and is en-
titled to the office. In other words, appellant contends that the
provisions of section 110, c. 86, Laws of 1907, as amended by
section 13, c. 97, Laws of 1911, do not apply to the office of
municipal judge, and do not authorize the holding of a secondary
election for that office. With this contention we cannot agree. In
the first place, in the absence of express language showing such
an intent, we would be very reluctant to hold that the Legislature
intended that the election of part of the officers of a city should
be governed by one law while the election of other officers of the
same city and elected at the same time should be governed by
another law; and, in the second place, the various provisions of
the law applying to this subject, when read together, contain ex-
press authority for holding a secondary election when neither
candidate receives a majority of all the votes cast. By an examin-
ation of section 7, c. 191, Laws of 1907, as amended by section 2,
c. 176, Laws of 1909, we find that the judge of the municipal
court in any city shall be elected at the annual election to be held
in "such city." As this section relates to the election of judge
of the municipal court, it would seem that the words, "such city,"
as used therein, could refer only to the city in which the municipal
court is located; but, to remove any doubt as to what city is
meant, the Legislature expressly declared, by section 6, c. 191,
Laws of 1907, that the word "city," whenever used in that act,
shall mean the city "in which the municipal court is established
and organized." This section has never been repealed nor amend-
ed, but applies with full force to section 7, as amended. The ef-
fect of this provision is that the word "city," wherever it is used
in section 7, should be followed and qualified by the clause "in
which the municipal court is established and organized." If these
words are read into the amended section 7 after the word "city,"

wherever it occurs in that section, it would then read as follows:

"In case the vote upon the establishment of said court shall be in the affirmative, the judge of the court shall be elected at the next annual election to be held in said city, *in which the municipal court is established and organized,* and every four years thereafter at the annual election in such city *in which the municipal court is established and organized* for the term of four years, beginning on the first Monday of the month following his election and until his successor qualifies. Notice of such election shall be given in the same manner and for the same period of time as notice of election for city officers, and the result of such election shall be determined in the same manner in all respects as in the election of city officers, *of the city in which the municipal court is established and organized. * * \**"

This leaves no doubt of the legislative intent that section 110, c. 86, Laws of 1907, as amended by section 13, c. 97, Laws of 1911, should apply to the election of judge of municipal court in commission governed cities.

[2] It was also urged that it would be a violation of the provisions of section 1, art. 10, Const. of South Dakota, for the Legislature to provide that it should require a majority of all the votes cast to elect a judge of the municipal court in commission governed cities, while only a plurality of votes was required in cities under the old form. This might well be worth considering if the amendment to section 23 of article 5 of the Constitution did not expressly provide that:

"\* \* \* \* In cities having a population of five thousand or over the Legislature may provide, in lieu of police magistrates, for municipal courts the judges whereof shall be chosen in such manner as the Legislature shall prescribe. * * \**"

It is therefor within the legislative power to make the election laws of commission governed cities applicable to the election of judges of the municipal courts in such cities; while the election laws of noncommission governed cities apply to the election of judges of the municipal courts in those cities.

No one having received a majority of all the votes cast at the election of April 20th, it became necessary to hold the secondary election on the 27th. Respondent, having received the highest

number of votes at this election, was legally elected, and is entitled to hold the office.

The demurrer was properly sustained, and the judgment and order appealed from are affirmed.